UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PIZARRO,

                    Plaintiff,

          -against-

UNITED STATES OF AMERICA, et al.,

                    Defendants.

22-CV-2125 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at USP Canaan in Waymart, Pennsylvania, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that Defendants violated his rights when agents from the United States Drug Enforcement Administration ("DEA") arrested him, and Assistant United States Attorneys ("AUSAs") from the Southern District of New York prosecuted him in this court, in the matter of *United States v. Pizarro*, ECF 1:17-CR-0151-1, 370 (S.D.N.Y. Aug. 1, 2019).

By order dated May 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint for the reasons stated in *Pizarro v. United States*, ECF 1:19-CV-6991, 6

---

[1] Plaintiff submitted this complaint without prepaying the filing fees or requesting that the fees be waived. By order dated March 22, 2022, the Court directed Plaintiff to pay the filing fees or request that the fees be waived, which Plaintiff did on May 5, 2022, by submitting an IFP application. Because Plaintiff filed this action while he is a prisoner, he is not exempt from paying the full filing fee even though the Court granted him permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(S.D.N.Y. Dec. 11, 2019) ("*Pizarro I*"), a duplicate action filed by Plaintiff and dismissed by then-Chief Judge McMahon on November 5, 2019.[2]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

This action, filed on March 14, 2022, arises out of Plaintiff's arrest by DEA agents and his subsequent prosecution. He names as Defendants: The United States; the AUSAs who prosecuted him; a paralegal at the United States Attorney's Office; his criminal defense lawyers; DEA agents and investigators; the City of New York; officers of the New York City Police Department; and a cooperating witness. Plaintiff brings malicious prosecution claims against the AUSAs, false testimony claims against witnesses who testified in his criminal proceedings, constitutional claims under Section 1983 against his criminal defense lawyers, Fourth

---

[2] The Court has attached a copy of that decision, which describes in detail Plaintiff's claims and Judge McMahon's analysis.

Amendment claims against the DEA agents who arrested him, and constitutional claims against

NYPD officers based on their involvement in the criminal investigation of Plaintiff.

These claims are the same claims that Plaintiff raised in *Pizarro I*, which was dismissed

on November 5, 2019, by Judge McMahon. Specifically, she dismissed the claims brought

against (1) the United States, the AUSAs, and the witnesses as barred under the doctrines of

sovereign immunity, prosecutorial immunity, and witness immunity, respectively; (2) the

AUSAs as frivolous; (3) Plaintiff's criminal defense lawyers, brought under Section 1983, for

failure to state a claim because they were not state actors; and (4) the DEA agents and NYPD

officers for failure to state a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge

McMahon also granted Plaintiff leave to replead his Fourth Amendment claims against the DEA

agents. After Plaintiff failed to file an amended pleading, judgment was entered in the action on

Dec. 11, 2019. *Id.* (ECF 7.)

According to this court's docketing system, Judge McMahon's November 5, 2019, order

granting Plaintiff leave to replead was returned to the court as undeliverable. On January 6, 2020,

the court received Plaintiff's change of address to USP Canaan, Plaintiff's current facility.

Nearly two years later, Plaintiff requested a copy of his docket sheet, and the Clerk of Court

provided one on December 2, 2021. Plaintiff then sent a letter, dated December 6, 2021, to the

court, stating that he was "unaware" that he was required to inform the court of his change of

address – although he had done so the preceding year – and asked "to refile" the 19-CV-6991

action, attaching to the letter a copy of the original complaint. *Id.* (ECF 9). No further filings

were received by the court in that action, and it remained closed.

Plaintiff has essentially refiled the 19-CV-6991 action by resubmitting an exact duplicate

of the original complaint filed in the prior action. The only difference between the two pleadings

is the original date from the 2019 pleading has been removed from the 2022 pleading. Thus,

because this new submission suffers from the same deficiencies identified in the pleading

submitted in the 19-CV-6991 action, this action is dismissed under the doctrines of sovereign,

prosecutorial, and witness immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and as to the dismissal

based on prosecutorial immunity, the action is dismissed, consequently, as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that

claims dismissed because of prosecutorial immunity are frivolous for the purpose of the IFP

statute, 28 U.S.C. § 1915). The Court also dismisses the complaint for failure to state a claim. 28

U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The

claims raised here have already been considered and dismissed by Judge McMahon, who

provided Plaintiff with an opportunity to replead his claims. Rather than addressing those

deficiencies in this new pleading, Plaintiff resubmitted a duplicative complaint. Because it is

unclear, however, whether Plaintiff ever received Judge McMahon's order of dismissal, in an

abundance of caution, the Court grants Plaintiff 30 days' leave to file an amended complaint.

Should Plaintiff submit an amended complaint, he must address the deficiencies identified in

Judge McMahon's order.[3]

---

[3] Plaintiff has filed an appeal in his criminal case, and that appeal is pending. Appellate counsel argued that Plaintiff's indictment should be dismissed with prejudice based on the alleged "flagrant misconduct of the government prosecutors [who] denied Mr. Pizarro his Fifth Amendment right to due process of law," by suppressing "important *Brady* material. *United States v. Pizarro*, No. 19-2391 (2d Cir. Jan. 20, 2022) (Plaintiff's brief). Plaintiff's allegations in this action track the arguments raised by his appellate counsel.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrines of sovereign, prosecutorial, and witness immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and as to the dismissal based on prosecutorial immunity, the action is dismissed, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claims dismissed because of prosecutorial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915). The Court also dismisses the complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead. Judgment dismissing the complaint will be entered without further notice if no timely amended complaint is filed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PIZARRO,

                          Plaintiff,

              -against-

UNITED STATES OF AMERICA, INC., *et al.*,

                          Defendants.

19-CV-6991 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that Defendants violated his rights when agents from the United States Drug Enforcement Administration (DEA) arrested him, and Assistant United States Attorneys (AUSAs) from the Southern District of New York prosecuted him in this Court, in the matter of *United States v. Pizarro*, ECF 1:17-CR-0151-1, 370 (S.D.N.Y. Aug. 1, 2019). By order dated October 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses the complaint without prejudice, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of Plaintiff's arrest by DEA agents and his subsequent prosecution.

He names as Defendants: the United States; the AUSAs who prosecuted him; a paralegal at the

United States Attorney's Office (USAO); his criminal defense lawyers; DEA agents and

investigators; the City of New York; officers at the New York City Police Department (NYPD

Defendants); and a cooperating witness.

Plaintiff alleges the following: On January 24, 2015, NYPD officers responded to a

robbery at Robert Bishun's auto body shop in the Bronx where they collected evidence including

a shirt and a bag. On February 6, 2015, Bishun provided the NYPD's 49th Precinct with a Home

Depot receipt for zip ties. On September 20, 2016, the NYPD responded to a missing person

report regarding Bishun. On the same day, the assigned officers located Bishun's car, which also

had been missing, where they found Bishun "in the back seat of his car, bound and strangled

with a zip tie still around his neck." ECF No. 1, at 9. After authorities transported Bishun to a

hospital, doctors pronounced him dead. The NYPD Defendants conducted a forensic

investigation of Bishun's car but failed to follow proper procedures.

On March 16, 2017, in Elizabeth, New Jersey, New York DEA agents arrested Plaintiff

while he was sitting in his vehicle. The agents searched Plaintiff's vehicle without a warrant.

Although they did not recover any contraband, they placed Plaintiff under arrest, transporting

him to this District where he was detained and prosecuted.

During Plaintiff's prosecution, he learned that the actual murderer confessed to the

confidential informant and to

> City of New York Police Officer Merlin Alston, who was a part of the drug
> trafficking ring with the victim who was a cooperating witness against the Officer
> (who was sentenced to 20 years for drug trafficking),[2] and Gabriel
> Guillen's . . . text message statement that he committed the actual homicide from
> the instruction of the NYPD officer Merlin Alston who ordered [Bishun] dead.
> Federal Investigation report DEA 6 reveals statements and information of the
> actual murderer that if the prosecution would have disclosed favorable evidence
> to the Plaintiff, or the jury, the result of the proceedings would have been
> different.

ECF No. 1, at 10. The NYPD Defendants, aware of "these institutional practices," failed to

intervene and correct NYPD misconduct.

According to public records from Plaintiff's criminal case, on March 6, 2016, a grand

jury in this Court voted to charge Plaintiff with conspiracy to commit kidnapping resulting in the

death of Bishun, Hobbs Act robbery, and a firearm offense. ECF 1:15-CR-0151, 50. On March

15, 2017, Magistrate Judge Barbara Moses signed a warrant permitting a search of Plaintiff's

vehicle. *Id.* at 9. That search produced a winter hat, mask, gloves, and a loaded firearm. *Id.* On

November 22, 2017, Plaintiff's criminal defense lawyers, who are sued here, moved to suppress

the property recovered from Plaintiff's vehicle, and on April 10, 2018, Judge Nathan denied the

motion. ECF 1:15-CR-0151, 63.

At trial, Plaintiff's lawyers argued that Alston ordered Guillen to murder Bishun, and that

the government failed to prove Plaintiff's guilt. ECF 1:17-CR-0151, 351.

---

[2] The undersigned presided over the matter of *United States v. Alston*, ECF 1:15-CR-0435, 145, in which a jury convicted Alston of narcotics and firearm offenses.

On August 1, 2019, the Clerk of this Court entered Plaintiff's judgment of conviction, in which a jury convicted him on all counts. ECF 1:15-CR-0151, 370. Judge Nathan sentenced him to life imprisonment plus 14 years, a mandatory sentence. *Id.* On August 5, 2019, the Clerk of this Court processed Plaintiff's appeal, which is pending in the Court of Appeals. ECF 1:17-CR-0151, 371.

Plaintiff now brings claims of false arrest, unreasonable search, and malicious prosecution, claiming that federal prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963). He also brings claims against his criminal defense lawyers, arising out of their representation of him, and against a confidential informant, who testified against Plaintiff at his criminal trial. Relatedly, Plaintiff asserts that based on the flawed NYPD investigation, DEA agents unfairly targeted him, and that based on the federal prosecutors' numerous *Brady* violations, the jury wrongly convicted him of kidnapping and murdering Bishun.

Plaintiff, who was a resident of the Bronx before his detention at the Metropolitan Detention Center in Brooklyn, invokes this Court's federal question and diversity of citizenship jurisdiction. He seeks money damages.

## DISCUSSION

### A.    Sovereign Immunity

Sovereign immunity generally bars federal courts from hearing suits against the federal government, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The plaintiff bears the burden to show that Congress waived sovereign immunity with respect to the claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Here, Plaintiff has not invoked any basis for abrogating the immunity of the United States. The Court therefore dismisses all claims brought against the United States. *See* 28 U.S.C. § 1915(e)(B)(iii).

4

**B.      Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Moreover, "officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts." *Butz v. Economou*, 438 U.S. 478, 515 (1978).

Here, Plaintiff's claims against AUSAs Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold, as well as Hanna Harney, a paralegal in the USAO's office, are based on actions within the scope of their official duties and associated with the judicial phase of the criminal process. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from suit and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C.      Witness Immunity**

Plaintiff brings claims against a government witness, possibly related to his testimony at trial. But grand jury and trial court witnesses are absolutely immune from liability for damages

for their testimony, even if their testimony was false. *Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015); *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 254 (2d Cir. 1984). The Court therefore dismisses any claims brought against Phillip Haynes, arising out of his testimony, as he is absolutely immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Private actors**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Here, Plaintiff names as defendants his court-appointed lawyers, that is, Elizabeth Macedonia, Louis Freeman, and Carla Sanderson. But these individuals are private parties who do not work for any state or other government body; their court-appointment does not convert

their conduct into state action. As they are not state actors, Plaintiff has not stated a claim against

them under § 1983. Accordingly, the Court dismisses the § 1983 claims brought against them for

failure to state a claim showing that Plaintiff is entitled to relief.[3] *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

### E.    Claims arising out of federal arrest

Plaintiff asserts *Bivens* claims of false arrest and unreasonable search, arising out of his

arrest and search by DEA agents.[4] But these claims are barred under *Heck v. Humphrey*, because

a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and

sentence. 512 U.S. 477, 487 (1994).

> When a plaintiff brings a Fourth Amendment claim,
>
> the district court must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of the conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated. But if the district court
> determines that the plaintiff's action, even if successful, will *not* demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff, the action
> should be allowed to proceed.

*Id.* at 487.

For these reasons, a plaintiff cannot seek damages for the injury of being convicted and

incarcerated unless the conviction has been "reversed on direct appeal, expunged by executive

---

[3] Plaintiff invokes the diversity statute as a basis for this Court's exercising jurisdiction over any state-law claims, such as legal malpractice. But the parties are not diverse, as Plaintiff states that before his incarceration, he was a resident of the Bronx. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (prisoner-plaintiff retains preincarceration domicile for purposes of diversity of citizenship analysis). Accordingly, the Court does not have diversity jurisdiction over any state-law claims.

[4] In *Bivens*, the Supreme Court implied a damages remedy against federal employees in the context of a false arrest and unreasonable search and seizure under the Fourth Amendment. 403 U.S. at 397.

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.*

In rare cases, a plaintiff may still recover damages for a Fourth Amendment violation even if a conviction has not been overturned. A suit for damages for an unreasonable search may proceed even if the challenged search produced evidence introduced at trial that resulted in a plaintiff's conviction. *Id.* at 487, n.7. Evidence obtained in violation of a defendant's Fourth Amendment rights can sometimes be introduced at a criminal trial – for example, if such evidence inevitably would have been discovered or was also discovered from an independent source. *Id.*

But in such cases, a plaintiff must also prove "not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* at 487, n.7; *see also Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.").

Here, Plaintiff challenges his arrest and search. To prevail, he would need to show that (1) the arrest warrant was invalid; (2) the property obtained from the search was not entered as evidence at trial, or if it was, that it would have been otherwise discovered; *and* (3) he suffered an injury separate from his prosecution and incarceration.

First, Plaintiff does not assert any facts suggesting that the DEA agents violated the Fourth Amendment when they arrested him and searched his vehicle. Second, even if he could

show that the DEA agents violated the Fourth Amendment during the arrest and search, if the

evidence recovered during the search was used at trial and could not otherwise have been

discovered, his claims are barred under *Heck*. Third, even if the search was unreasonable and the

evidence was not introduced at trial or could have been otherwise discovered, Plaintiff does not

state that he suffered any injuries other than his being prosecuted and convicted. His claims are

therefore barred under *Heck*, and to the extent that they are not barred under *Heck*, he fails to

state a Fourth Amendment claim. Thus, the Court dismisses Plaintiff's claims against Joseph

Mercurio, Gerald Ricciardi, Hector Pagan, Mike McGurk, Christian McNeal, Nicholas

DeAmorin, Chris Owen, Billy Ralat, and Raphael Torres for failure to state a claim. *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

**F.     Claims against the NYPD Defendants**

Plaintiff brings claims against the NYPD Defendants based on their involvement in the

investigation of Plaintiff and their alleged sanctioning of police misconduct, including Alston's

alleged involvement in the Bishun murder. These claims, however, also are barred under *Heck*. If

the Court were to find in Plaintiff's favor, the validity of Plaintiff's conviction would be implied.

A finding that the NYPD Defendants knew of and permitted Alston to direct the murder of

Bishun, and that another individual carried out that order, necessarily implies that Plaintiff is

innocent. The Court therefore dismisses all claims against the NYPD Defendants under *Heck*.

**G.     Leave to replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because it is not clear that leave to replead would be futile, the Court grants Plaintiff 30 days'

leave to replead his Fourth Amendment claims.

## H.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed

the federal claims over which the Court has original jurisdiction, the Court declines to exercise

its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v.*

*New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367

'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances

in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of*

*Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 5, 2019
         New York, New York

_____
        COLLEEN McMAHON
   Chief United States District Judge

11